## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| | § | |
| **MONY LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:16-cv-00134-O-BP** |
| | § | |
| **BETH ANN SWEET and** | § | |
| **MADISON LYNN SWEET,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Dismiss Counterclaims of Beth Sweet Pursuant to

Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8), filed on February 10, 2017. United States

District Judge Reed O'Connor referred this case to the undersigned for pretrial management by

Order entered on February 27, 2017. ECF No. 17. A motion to dismiss for failure to state a claim

is an enumerated dispositive motion to which the undersigned may only make a recommendation

to Judge O'Connor. 28 U.S.C. § 636(b)(1)(A). After considering the pleadings and applicable law,

the undersigned RECOMMENDS that Plaintiff's Motion to Dismiss (ECF No. 8) be DENIED

without prejudice as MOOT.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its

pleading once as a matter of course within 21 days after service of a responsive pleading or within

21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). By

filing her First Amended Counterclaim Against Mony Life Insurance Company (ECF No. 15)

within 21 days of Plaintiff's Motion to Dismiss (ECF No. 8), Defendant Beth Ann Sweet has

superseded her Original Answer and Counterclaim (ECF No. 5). By superseding her original pleading as a matter of course, Plaintiff's Motion to Dismiss should be denied as moot, without prejudice to Plaintiff's right to refile.[1] *Thomas v. Duetsche Bank Nat. Trust Co.*, No. 3:12-CV-5014-M BF, 2013 WL 673988, at \*1 (N.D. Tex. Jan. 21, 2013), *report and recommendation adopted*, No. 3:12-CV-5014-M BF, 2013 WL 673983 (N.D. Tex. Feb. 25, 2013); *see also Mangum v. United Parcel Servs.*, No. 3:09–CV–0385–D, 2009 WL 2700217, at \*1 (N.D. Tex. Aug. 26, 2009).

Because Defendant Beth Ann Sweet's amended pleading superseded her original pleading, on which Plaintiff's Motion to Dismiss was based, the undersigned RECOMMENDS that Plaintiff's Motion to Dismiss Counterclaims of Beth Sweet Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8) be DENIED without prejudice as MOOT.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

---

[1] The Court suggests no view on the merits of the Amended Counterclaim or whether it is subject to dismissal under Rule 12(b)(6).

1415, 1417 (5th Cir. 1996) (en banc).

Signed February 28, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE